

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-86,373-01

### EX PARTE PHILLIP MERLE PITTS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W11-12902-L(A) IN THE CRIMINAL DISTRICT COURT NO. 5
### FROM DALLAS COUNTY

YEARY, J., filed a dissenting opinion in which KELLER, P.J., and KEASLER and HERVEY, JJ., joined.

## DISSENTING OPINION

The Court grants post-conviction relief in this case on the basis that Applicant's trial counsel at the original plea was constitutionally ineffective and that Applicant's guilty plea was involuntary as a result. Majority Opinion at 1–2. Applicant may well be entitled to relief, and I do not contest the convicting court's finding concerning plea counsel's performance in this case. However, those findings do not adequately address whether Applicant would not have pled guilty but for his attorney's deficient performance, *see Hill v. Lockhart*, 474 U.S. 52, 59 (1985), and I believe it to be premature for the Court to grant relief without first

addressing this question.

Applicant entered an open plea of guilty to injury of a child. TEX. PENAL CODE § 22.04. The crux of Applicant's complaint is that his attorney, Carlton Hughes, failed to adequately investigate the facts of the case and failed to examine the medical records to determine whether the injuries sustained by the child were consistent with Applicant's claim that he had a seizure and fell on the child. Instead, Applicant claims Hughes relied on personal experience he had in dealing with his own son, who suffers from epilepsy. In addition, Applicant claims Hughes would not challenge the voluntariness of Applicant's statements to police, despite the fact that Applicant insisted they were induced by threats to have his children taken away.

The convicting court determined, in an eight-page document, that Hughes's preparation was deficient, finding, among other things, that Hughes did not consult with Applicant's treating physician, failed to file a motion for an expert to review either Applicant's or the child's medical records, relied upon his own experience with his son's epilepsy without determining whether Applicant's epilepsy was similar to his son's, and failed to challenge the voluntariness of Applicant's statements to police. Consequently, it concluded, *without any additional findings*, that "Applicant proved that there is a reasonable probability that, but for [Hughes]'s unprofessional errors, the result of the proceeding would have been different" and recommended granting relief.

I am not convinced that Applicant has proven that the result would have been

different; that is, Applicant has not yet shown that he would not have pled guilty and would have, instead, insisted on going to trial. *See Hill*, 474 U.S. at 59. "[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant . . . will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Id*. Hughes has insisted throughout the case—at the hearing on the motion to withdraw Applicant's plea and in his affidavit responding to Applicant's allegations—that he advised Applicant *against* entering an open plea and informed Applicant of the damaging evidence against him, particularly Applicant's contradictory statements to police. Hughes has also attached numerous email conversations he had with Applicant detailing the issues with Applicant's case, including the damaging testimony that the State's medical expert witness would give regarding the child's injuries. Although not conclusive, these facts suggest that Applicant may still have insisted on entering an open plea, even if Hughes had conducted a more thorough investigation. Moreover, the convicting court made no credibility finding regarding Hughes's statement that he advised Applicant against entering an open plea in the first place, leaving it to speculation whether Hughes would have changed his recommendation. *See id*.

Without a more definitive finding that Applicant would not have pled guilty but for Hughes's performance, any decision that Applicant is entitled to relief is speculative at best. The convicting court is in the best position to resolve the matter, and I would remand

PITTS — 4

Applicant's case to determine whether he has demonstrated prejudice as a result of Hughes's

deficient preparation. Because the Court does not, I respectfully dissent.


FILED:        June 20, 2018
DO NOT PUBLISH